RECEIVED
OCT 31 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY CLERK

FILED
OCT 31 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LIFE PARTNERS, INCORPORATED, AND PURCHASE ESCROW SERVICES, LLC <br><br> PLAINTIFFS, <br><br> v. <br><br> NATIONAL ASSOCIATION OF DRUG ABUSE PROBLEMS, INCORPORATED AND THE LINCOLN NATIONAL LIFE INSURANCE COMPANY <br><br> DEFENDANTS. | § § § § § § § § § § § § § § § <br><br> **A11CV939LY** <br><br> CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Life Partners, Inc. ("LPI") and Purchase Escrow Services, LLC ("PES") submit this Original Complaint showing this Honorable Court as follows:

### PARTIES

1.

Plaintiff LPI is a duly organized Texas corporation authorized to transact business in this state whose principal place of business is 204 Woodhew Drive, Waco, Texas 76712.

2.

Plaintiff Purchase Escrow Services, LLC is a Texas limited liability company whose principal place of business is 510 N. Valley Mills Dr., Suite 505, Waco, Texas 76710.

3.

Defendant National Association of Drug Abuse Problems, Inc. ("NADAP") is a duly organized foreign corporation whose principal place of business is 355 Lexington Ave, New York, New York 10017.

4.

Defendant The Lincoln National Life Insurance Company ("Lincoln") is a duly organized foreign corporation authorized to transact business in the State of Texas whose principal place of business is 1300 South Clinton Street, Fort Wayne, IN 46802.

**PERSONAL JURISDICTION**

5.

This court has personal jurisdiction over Defendants because suit is being brought under 29 U.S.C. § 1132, and this statute authorizes nationwide service of process and jurisdiction. 29 U.S.C. § 1132(e)(2).

**SUBJECT MATTER JURISDICTION**

6.

In this action, Plaintiffs LPI and PES bring suit for benefits and for equitable relief for breach of fiduciary duty under a group life insurance policy originally underwritten by Jefferson Pilot Life America Insurance Company ("Jefferson"), which subsequently merged with Lincoln, and administered by NADAP. This group life

insurance policy is an employee benefit plan as that term is defined under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002. Therefore, the Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 and/or 29 U.S.C. § 1132.

## STATEMENT OF VENUE

7.

Venue is proper in this court under 29 U.S.C. § 1132(e)(2) as both Defendants may be found in this district because they are subject to personal jurisdiction in this district. Alternatively, venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, as Plaintiff and its designated beneficiary had resided in and conducted their business in this judicial district, the actions herein alleged were directed towards Plaintiff and its designated beneficiary in this judicial district, and the damages caused by the Defendants were incurred by Plaintiff and its designated beneficiary in this judicial district.

## FACTUAL BACKGROUND

8.

Plaintiff LPI is a viatical settlement company. A viatical settlement is a transaction in which one or more purchasers acquire the life insurance policy of a terminally ill person at a discount. When the insured dies, the purchaser(s) receive the benefits payable under the insurance policy purchased. As a viatical settlement company, Plaintiff LPI acts as purchasing agent for the purchaser(s) and effectuates viatical settlement transactions.

9.

Defendant NADAP employed an individual, who shall be referred to as "the Insured" in this complaint because of issues of confidentiality, who sold and assigned his certificate of coverage under his employer sponsored group life insurance policy in a viatical settlement transaction through Plaintiff LPI. NADAP was also the group policy holder and plan administrator of the Insured's policy.

10.

Jefferson issued the group life insurance policy. It was numbered GL 000010071412, and the Insured's coverage was evidenced by the certificate numbered 124400833 which provided benefits in the sum of fifty thousand dollars ($50,000) upon his death.

11.

On or about October 25, 2007, the Insured absolutely assigned his rights in insurance coverage under the above referenced policy to Plaintiff LPI, acting as agent for the purchasers of the policy, pursuant to a viatical settlement transaction. *See* Ex. A. Plaintiff LPI named "Sterling Trust Company", subsequently known as UW Trust Company (hereinafter "UWT"), a non-bank trust company chartered under the laws of the State of Texas, as the beneficiary to accept and pay out the benefits to the individual purchasers upon the Insured's demise. *See* Ex. A. UWT has since assigned its rights and responsibilities as escrow agent to Plaintiff PES.

12.

Both Lincoln (which had merged with Jefferson and was the insurance carrier at the time) and NADAP accepted the assignment of the Insured's policy interest. *See* Ex. B.

13.

The Insured's employment terminated on or about February 28, 2008, *See* Ex. C, at which time Plaintiff LPI, as absolute assignee of the life insurance policy, had the right to convert the group coverage to an individual coverage so it did not lapse.

14.

Defendants NADAP and Lincoln, though aware of the assignment of coverage to Plaintiff LPI, did not provide notice of the Insured's termination to Plaintiff LPI, and thus Plaintiff LPI was without knowledge of the accrual of the right to convert the group life insurance coverage to an individual policy until it learned of the Insured's death on January 2009 through a routine verification of coverage. *See* Ex. C.

15.

Plaintiff LPI promptly contacted Defendants Lincoln and NADAP regarding the lack of notice of the Insured's termination of employment. Plaintiff LPI requested that it be allowed to retroactively convert the policy to an individual coverage and pay all back premiums owed to keep the policy in effect since it was not provided timely notice to convert the policy. *See* Ex. D.

16.

In attempting to rectify its error, NADAP sent Lincoln, which had at the time merged with Jefferson, a letter advising Lincoln of NADAP's administrative error and

requesting continuation of coverage for LPI, the assignee of the Insured's policy. *See* Ex. E.

17.

Despite numerous attempts at resolving the error, Defendant Lincoln has and continues to refuse to allow retroactive conversion of the Insured's policy. *See* Ex. F.

18.

In December of 2010, LPI learned that the Insured was deceased. LPI's designated beneficiary would have been entitled to receive the Insured's death benefits had the policy been in existence and not lapsed due to Defendants' actions.

## **FIRST CAUSE OF ACTION**

19.

The preceding paragraphs are incorporated herein as if fully restated.

20.

The Insured was a participant of a plan under ERISA, and thus was owed fiduciary duties under 29 U.S.C. § 1132(a)(3).

21.

As the Insured absolutely assigned all of his right, title, and interest in his life insurance policy to Plaintiff LPI, Plaintiff LPI is subrogated to the Insured's participant status under the plan, and is thus owed the same fiduciary duties and has standing to bring suit under ERISA.

22.

Plaintiff PES, stands in the stead of UWT who is the beneficiary of the policy insuring the life of the Insured. UWT as beneficiary was also owed fiduciary duties, and therefore its assignee PES has standing to bring suit under ERISA to enforce its rights.

23.

Defendants NADAP and Lincoln, as the plan administrator and insurance provider respectively, are fiduciaries under ERISA, and thus are parties who owed the aforementioned fiduciary duties to Plaintiff LPI and its designated beneficiary.

24.

As fiduciaries, Defendants NADAP and Lincoln owed Plaintiff LPI and UWT the fiduciary duty to provide notice of the Insured's termination from employment so that Plaintiff LPI and UWT would have the opportunity to exercise the conversion privilege of the group insurance coverage.

25.

The failure of Defendants NADAP and Lincoln to provide this notice, and their subsequent failure to allow retroactive conversion of the policy, constituted a breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) and caused Plaintiffs' loss of the Insured's policy benefits.

**SECOND CAUSE OF ACTION**

26.

The preceding paragraphs are incorporated herein as if fully restated.

27.

As irrevocable beneficiary of the life insurance coverage, UWT was entitled to the death benefits of the policy and to bring suit for those benefits under 29 U.S.C. 1132(1)(B). By virtue of the aforementioned assignment, PES is entitled to the death benefits of the policy and to bring suit for those benefits under 29 U.S.C. 1132(1)(B).

28.

Because of the actions of Defendants NADAP and Lincoln in failing to provide notice of the right to convert the policy to individual coverage, UWT lost those benefits.

29.

As this loss was the result of the Defendants NADAP and Lincoln's wrongful conduct, Plaintiff PES, as assignee of UWT's rights, is due the benefits under the policy under 29 U.S.C. 1132(1)(B).

**PRAYER**

31.

Wherefore, Plaintiffs pray that this court will find:

a. That Defendants NADAP and Lincoln breached their fiduciary duties under ERISA owed to Plaintiff LPI and UWT by failing to provide notice of the Insured's termination so that the right to convert could be exercised, and by failing to allow retroactive conversion of the policy when requested;

b. That Plaintiffs are entitled to have the Insured's policy reinstated as equitable relief under ERISA for breach of this fiduciary duty;

c. That Defendants NADAP and Lincoln shall be required to pay said benefits to Plaintiff PES as the assignee of the beneficiary under the policy.

    d.   That Plaintiffs be awarded reasonable and necessary attorneys' fees and costs of suit under 29 U.S.C. § 1132(g)(1); and

    e.   That Plaintiffs LPI and PES shall receive all such other and further relief to which they are justly entitled.

                              Respectfully Submitted,

*[signature]*

Stuart Smith
State Bar No. 18685885
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
P. O. Box 1470
Waco, Texas 76703-1470
(254) 755-4100
FAX (254) 754-6331

Kwabena Offei-Danso
State Bar No. 24073348
204 Woodhew Dr.
Waco, TX 76712
(254) 751-7797 phone
(254) 751-1025 fax

ATTORNEYS FOR PLAINTIFFS